**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*State v. Aguirre,* **Slip Opinion No. 2014-Ohio-4603.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-Ohio-4603

THE STATE OF OHIO, APPELLANT, *v.* AGUIRRE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Aguirre,* Slip Opinion No. 2014-Ohio-4603.]**

*Criminal law—R.C. 2953.32—Sealing of records—Applicant who has failed to complete restitution portion of sentence is not eligible for sealing of record.*

(Nos. 2013-0870 and 2013-0876—Submitted May 13, 2014—Decided October 22, 2014.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 12AP-415, 2013-Ohio-768.

_____

SYLLABUS OF THE COURT

An offender does not attain a final discharge, and is thus ineligible to have his or her felony conviction records sealed under R.C. 2953.32(A)(1), until she has paid all court-ordered restitution.

_____

**O'CONNOR, C.J.**

{¶ 1}   Under Ohio law, a court may seal an eligible offender's felony conviction record upon an "[a]pplication * * * made at the expiration of three years after the offender's final discharge."   R.C. 2953.32(A)(1).   In this appeal, we resolve a conflict between the Eighth and Tenth Appellate Districts over whether an offender has secured a "final discharge" to pursue sealing pursuant to R.C. 2953.32(A)(1) when she has not finished paying court-ordered restitution to a third-party insurance company.   We note, however, that the conflict arises from a former version of Ohio's restitution statute, R.C. 2929.18(A)(1), which permitted a court to award restitution to third parties, including insurers.   *See* former R.C. 2929.18(A)(1), 148 Ohio Laws, Part III, 5767, 5785 (an order of restitution "may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense").   The General Assembly removed that language from the restitution statutes, effective June 1, 2004. 150 Ohio Laws, Part III, 3914 (deleting language from R.C. 2929.18(A)(1) for felonies) and 3922 (deleting language from R.C. 2929.28(A)(1) for nonfelonies).   Given these deletions, "the legislature's intent to disallow payment to victims' insurance companies is clear."   *State v. Johnson,* 1st Dist. Hamilton No. C-100702, 2011-Ohio-5913, ¶ 5.   In cases in which sentencing occurs after June 1, 2004, "[a] court may not order a defendant to pay restitution to a victim's insurance company."   Baldwin's Ohio Practice, Criminal Law, Section 119:6 (2013).   Thus, that portion of our analysis dealing with restitution to third parties is limited to cases in which an offender was sentenced prior to June 1, 2004.

{¶ 2}   We hold that a trial court may not seal an offender's record before the offender has completed all sentencing requirements, including any order to make restitution to third parties. Because our holding rejects the analysis adopted by the Tenth District Court of Appeals in this case, and because appellee,

Sharlene Aguirre, concedes that she still owes restitution to two third-party insurance companies, we reverse the appellate court's judgment and remand this case to the Franklin County Court of Common Pleas.

## RELEVANT BACKGROUND

### The Tenth District: *Aguirre*

{¶ 3} On May 22, 2002, Aguirre pleaded guilty to one count of theft, a fourth-degree felony, for stealing money to pay her gambling debts. The prosecution and defense jointly recommended a sentence of five years of community control, plus restitution to be paid to Aguirre's former employer, Economy Enterprises, Inc., and two of its insurance companies, Westfield Insurance and Harleysville Insurance Company. The court imposed the recommended sentence on July 9, 2002. Aguirre was ordered to pay restitution of $2,000 to Economy Enterprises and $32,562.47 to the insurance companies. Aguirre paid $4,000 soon thereafter and then began making monthly payments of $100 toward the balance.

{¶ 4} In June 2007, Aguirre completed the community-control portion of her sentence, but she had not yet met her restitution obligation.

{¶ 5} On January 12, 2012, Aguirre applied to have the record of her theft conviction sealed. The state objected, arguing that Aguirre was ineligible for sealing under R.C. 2953.32 until she paid the full amount of restitution.[1] Although the trial court recognized that Aguirre had not satisfied her obligation to make restitution, it nevertheless granted Aguirre's application to seal her record because the restitution was "ordered to an insurance company and [Aguirre] paid a substantial portion" of the total.[2]

---

[1] We note that the amount owed is not entirely clear from the record. But the parties do not dispute that the amount owed was in excess of $14,000.

[2] Though the Tenth District repeatedly referred to the process at issue in this case as "expungement," we note that expungement is a separate process from sealing a conviction record.

{¶ 6} The Tenth District Court of Appeals affirmed. It focused on three considerations that it found warranted sealing despite the restitution owed by Aguirre at the time.

{¶ 7} First, the appellate court relied on the notion that the "statutory provisions governing conviction expungement are remedial in nature and must be liberally construed." *State v. Aguirre,* 10th Dist. Franklin No. 12AP-415, 2013-Ohio-768, ¶ 12, citing *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.). Second, it noted that the creditor retains the same remedies it had "for collection of unpaid restitution * * * under R.C. 2929.28." *Id.* at ¶ 14; *see also id.* at ¶ 16, 18. Third, the appellate court concluded that "denying expungement is a continued punishment, with no benefit to a victim or private payer who is owed restitution." *Id.* at ¶ 17.

{¶ 8} The Tenth District certified that its decision was in conflict with the Eighth District's decision in *State v. McKenney*, 8th Dist. Cuyahoga No. 79033, 2001 WL 587493 (May 31, 2001), which held that a trial court cannot seal an offender's record of conviction until that offender has finished paying court-ordered restitution to a third-party insurance company. *Id.* at *3.

### The Eighth District: *McKenney*

{¶ 9} Penny McKenney pleaded guilty on February 17, 1988, to one count of grand theft. Her sentence included a suspended prison term, three years' probation, and restitution. After the victim's insurance company reimbursed the victim for the cost of the stolen goods, McKenney agreed to a civil judgment against her in favor of the third-party insurer.

{¶ 10} McKenney made monthly payments to the insurance company, and when she applied for sealing of her record on October 15, 1999, she had paid half

---

Expungement results in deletion, making all case records "permanently irretrievable," R.C. 2953.37(A)(1), while sealing simply provides a shield from the public's gaze. R.C. 2953.32(D), restricting inspection of sealed records of conviction to certain persons for certain purposes. We use the term "expungement" in this opinion only where it appears in quoted material.

of the total owed. The trial court granted the motion to seal McKenney's record. The court determined that McKenney had made complete restitution because she had permitted the insurer to obtain a civil judgment against her, and more than three years had passed since the end of McKenney's probation.

{¶ 11} The Eighth District Court of Appeals reversed. In doing so, it stated that McKenney had not satisfied the statutory prerequisites for eligibility to seal her record. It held that under R.C. 2953.32(A)(1), she could apply to have her conviction record sealed only after three years have expired since her final discharge. The Eighth District concluded that a final discharge for the purposes of sealing a record requires full payment of restitution.

{¶ 12} In reaching this conclusion, *McKenney* relied upon established legal norms. The *McKenney* court first noted that "an offender is not finally discharged until she has served the sentence imposed by the court." *Id.* at *2, citing *State v. Pettis*, 133 Ohio App.3d 618, 729 N.E.2d 449 (8th Dist.1999), and *Willowick v. Langford*, 15 Ohio App.3d 33, 34, 472 N.E.2d 387 (11th Dist.1984). And the appellate court concluded that "[r]estitution, as a condition of an offender's probation, is a part of the offender's sentence." *Id.* It rejected McKenney's argument that because the victim had been made whole, the purpose of restitution had been satisfied. The court stated that the purpose of restitution is not merely to benefit the victim; restitution also is meant to punish the offender and contribute to the offender's rehabilitation. *Id.*

{¶ 13} The Eighth District's decision in *McKenney* is consistent with decisions by the Tenth District issued before *Aguirre*. *State v. Jordan*, 10th Dist. No. 07AP-584, 2007-Ohio-6383 (application for sealing of record properly denied; restitution owed to Bureau of Workers' Compensation had not been fully paid); *In re White*, 165 Ohio App.3d 288, 846 N.E.2d 93 (10th Dist.2006) (sealing application properly denied; applicant had not received final discharge because court-ordered restitution not paid).

**{¶ 14}** And even after *Aguirre* was decided, the Tenth District issued *State v. Hoover*, 10th Dist. Franklin Nos. 12AP–818 and 12AP–826, 2013-Ohio-3337, containing the following passage:

> The term "final discharge" is not defined by statute. Per case law, however, an offender is not finally discharged until he has served any sentence previously imposed by the court. * * * For example, this court and others have repeatedly held that final discharge under the [sealing] statute does not occur until court-ordered restitution has been satisfied.

*Hoover* at ¶ 7. But in *Aguirre*, the Tenth District departed from *Jordan, White,* and *Hoover,* without citing those cases, based on its apparent belief that certain considerations may justify excusing the applicant from completing court-ordered restitution. The court also did not cite R.C. 2953.32(A)(1) or address its requirement that the applicant must obtain a "final discharge" as a condition of eligibility.

**{¶ 15}** We recognized the conflict certified by the Tenth District and agreed to answer the following question certified for our review: "Whether an offender's record of conviction may be sealed when the offender still owes court-ordered restitution to a third-party insurance company." *State v. Aguirre*, 136 Ohio St.3d 1470, 2013-Ohio-3790, 993 N.E.2d 776. We also accepted the state's discretionary appeal on the following similar proposition: "A defendant/applicant who still owes restitution has not been finally discharged and is not eligible to seal her conviction, under R.C. 2953.32(A)(1)." 136 Ohio St.3d 1472, 2013-Ohio-3790, 993 N.E.2d 777.

**ANALYSIS**

**{¶ 16}** Our analysis is driven by what we have held previously: "the sealing of a criminal record is a ' "privilege, not a right." ' " *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 15, quoting *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. *Accord State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000); *State v. Hamilton*, 75 Ohio St.3d 636, 639-640, 665 N.E.2d 669 (1996). Suppression of a criminal record at the request of the offender is an " 'act of grace created by the state.' " *Boykin* at ¶ 11, quoting *Hamilton* at 639. Accordingly, a court may seal an offender's conviction record "only when all requirements for eligibility are met." *Boykin, id.,* citing *Futrall* at ¶ 6.

**{¶ 17}** With that understanding in mind, we turn to the Tenth District's decision.

*Statutory Construction*

**{¶ 18}** The Tenth District misstated the standard to be applied by a trial court in determining an offender's eligibility to have her conviction record sealed. It quoted an Eighth District case that described the standard as follows: a " 'court must weigh the interest of the public's need to know as against the individual's interest in having the record sealed, and must liberally construe the statute so as to promote the legislative purpose of allowing expungements.' " *Aguirre*, 2013-Ohio-768, at ¶ 13, quoting *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). But the relevant statutory language makes clear that a court can apply this standard only *after* it has determined that "the applicant is an eligible offender." *See* R.C. 2953.32(C)(1)(a). The first considerations in determining eligibility are whether the offender has obtained a final discharge and whether three years have elapsed since that event. R.C. 2953.32(A)(1) ("Application may be made at the expiration of three years after the offender's

final discharge * * *"). Thus, the offender is not permitted even to file the application unless he or she satisfies those two prerequisites. Liberal construction and weighing of the public interest become considerations only after the applicant has cleared these preliminary hurdles.

{¶ 19} Ohio appellate courts, including the Tenth District, have repeatedly held that "[a]n offender is not finally discharged for purposes of R.C. 2953.32(A)(1) if the offender still owes restitution." *White*, 165 Ohio App.3d 288, 2006-Ohio-233, 846 N.E.2d 93, ¶ 7 (10th Dist.). We agree. When restitution is owed, discharge from community control does not effect a final discharge for purposes of R.C. 2953.32(A)(1).

{¶ 20} Here, it is undisputed that Aguirre was sentenced by the trial court to pay restitution to her employer's insurance companies. Consequently, final discharge cannot occur until restitution is fully paid. Only then does the three-year waiting period in R.C. 2953.32(A)(1) commence to run, and only after the expiration of that period may Aguirre apply to have her record sealed. *See* R.C. 2953.32(A)(1); *Hoover* at ¶ 7; *White* at ¶ 7; *McKenney*, 2001 WL 587493, *2. Contrary to the implications of certain statements of the trial court at the hearing in this case, the person or entity to whom restitution is owed is immaterial, unless the person or entity was not statutorily eligible for restitution at the time of the order.

{¶ 21} Aguirre concedes that she has yet to pay over $14,000 in court-ordered restitution to the third-party insurance companies. As we have noted, courts were permitted to order restitution to third parties when Aguirre was sentenced in 2002. Therefore, as a matter of law, *Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6, the trial court could not find that Aguirre had obtained the final discharge that is required to seal a conviction record pursuant to R.C. 2953.32(A)(1).

### *Benefit of Public Record*

**{¶ 22}** We also note that the Tenth District held that refusing to seal a record of conviction "is a continued punishment, with no benefit to a victim or private payer who is owed restitution." 2013-Ohio-768, at ¶ 17. Not so.

**{¶ 23}** We recognize that although the primary goal of restitution is remedial or compensatory, it also serves punitive purposes. *Paroline v. United States*, __ U.S. __, 134 S.Ct. 1710, 1726, 188 L.Ed.2d 714 (2014). But payment of court-ordered restitution is an obligation " ' "rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose." ' " *Pettis,* 133 Ohio App.3d at 621, 729 N.E.2d 449, quoting *Kelly v. Robinson*, 479 U.S. 36, 52, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), quoting *In re Pellegrino*, 42 B.R. 129, 133 (Bankr.D.Conn.1984). It thus serves both remedial and punitive purposes.

**{¶ 24}** A court is not imposing "continued punishment" by denying a premature application to seal an offender's record before the completion of restitution. Rather, the court is ensuring that both the punitive and remedial aspects of the restitution order are satisfied before the offender's sentence is sealed, in accordance with the statutory scheme. *Compare* R.C. 2929.15(A)(1) (limiting the duration of community control to five years) *with* R.C. 2929.18(A)(1) (placing no limit on the duration of the restitution obligation).

**{¶ 25}** To the extent that public policy might support the sealing of a criminal record before the offender pays all court-ordered restitution, implementation of that policy must occur at the legislative branch. *See Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 19 (refusing to create judicial exceptions to statutory provision, stating that an offender who pleaded guilty cannot not be declared wrongfully imprisoned). As the General Assembly has demonstrated through its statutory framework, it is clearly aware of

these issues and is capable of enunciating its determination of which of the competing interests implicated here are best served by sealing a conviction record and at what point sealing shall be permitted. *See Harmelin v. Michigan,* 501 U.S. 957, 964, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), quoting *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980) (" 'the length of the sentence actually imposed is purely a matter of legislative prerogative' "); *United States v. Jones*, 131 U.S. 1, 19, 9 S.Ct. 669, 33 L.Ed. 90 (1889) ("Of course, our province is construction only; the policy of the law is the prerogative of the legislative department"). Indeed, the General Assembly's amendments to the statutory scheme for sealing records demonstrate its continued awareness of public-policy concerns, including both sealing and restitution. As we have stated previously,

> The Ohio Legislature having dealt with the subject, and having made certain provisions and certain exceptions thereto, it will be presumed that the Legislature has exhausted the legislative intent, and that it has not intended the practice to be extended further than the plain import of the statutes already enacted.

*Madjorous v. State,* 113 Ohio St. 427, 433, 149 N.E. 393 (1925).

{¶ 26} Sealing Aguirre's conviction record before she is eligible ignores the extant and explicit statutory language restricting eligibility to those applicants who have obtained a final discharge and who have waited three years thereafter to apply for sealing. *See* R.C. 2953.32(A)(1). The courts may not excuse applicants from requirements prescribed by the General Assembly in its proper exercise of legislative power.

{¶ 27} As we have said, sealing a conviction record is, first and foremost, an act of grace. *Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, at

¶ 11. No court is ever required to seal conviction records. *See* R.C. 2953.32(C)(1)(c) and (e). But the General Assembly has decreed that courts are required to *refuse to seal* a record when the offender is not yet eligible to have her conviction records sealed. No discretionary consideration can justify granting an application to seal before the offender has established eligibility to apply. *See* R.C. 2953.32(C)(1) and (2) (requiring court to find that the offender is an eligible offender before exercising its discretion to consider whether to grant the application).

{¶ 28} An offender may apply to have her records sealed "at the expiration of three years after the offender's final discharge if convicted of a felony." R.C. 2953.32(A)(1). While community-control sanctions end after five years, R.C. 2929.15(A)(1), the obligation to pay restitution does not expire due to the passage of time. *See* R.C. 2929.18. Thus, an offender who has satisfied five years of community-control obligations is not eligible to apply for sealing until his or her restitution obligations have been satisfied, no matter how long that takes. This is so because the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements. Court-ordered restitution is one such sentencing requirement.

## CONCLUSION

{¶ 29} We answer the certified question in the negative and, therefore, reverse the Tenth District's judgment. We hold that an offender does not attain a final discharge, and is thus ineligible to have his or her felony conviction records sealed under R.C. 2953.32(A)(1), until all court-ordered restitution has been paid.

{¶ 30} Because Aguirre still owes restitution in this case, she has not received a final discharge of her conviction and cannot have her records sealed. Accordingly, we remand the case to the trial court with instructions to vacate its prior judgment and conduct any additional proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

O'NEILL, J., dissents.

_____

**O'NEILL, J., dissenting.**

{¶ 31} Respectfully, I dissent.

{¶ 32} The Ohio Revised Code entrusts trial courts with discretion to reduce the period of time for a community-control sanction or even to impose a less restrictive sanction where an offender, for a significant period of time, fulfills the conditions of a sanction in an exemplary manner. R.C. 2929.15(C). In short, for good cause shown, a trial court can lighten a sentence when convinced that the defendant has gotten the message. The decision in this case is at odds with that power. The majority holds instead that a trial court may never seal an offender's record before the offender has completed all sentencing requirements, and it does so without even mentioning a trial court's power to modify those very requirements.

{¶ 33} The majority opinion sees some difference between community-control sanctions and a restitution order, and I see none. It is a distinction without a difference. R.C. 2929.15(A)(1) authorizes restitution under R.C. 2929.18(A)(1) *as a community-control sanction*. R.C. 2929.15(A)(1) ("the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code"). Restitution is a community-control sanction. R.C. 2929.01(E) defines "community control sanction" as a sanction "described in * * * 2929.18 of the Revised Code." R.C. 2929.18(A)(1) describes the sanction of restitution. Thus,

the trial court has the authority to modify the very sentence of restitution it has imposed.  I believe it defies logic for this court to extend restitution orders into perpetuity when the clear intent of the legislature was to limit the force of these sanctions to a five-year term. R.C. 2929.15(A)(1) ("The duration of *all community control sanctions imposed upon an offender under this division* shall not exceed five years").

{¶ 34} In light of the clear meaning of the community-control laws, this case is easily resolved. Other than the unpaid restitution, Ms. Aguirre's community-control sanctions were terminated on June 19, 2007. Thus, as required by R.C. 2953.32(A)(1), more than three years had elapsed when Ms. Aguirre applied to have her conviction record sealed in January 2012.

{¶ 35} As a broader policy matter, however, the criminal-justice system simply should not be utilized as the collections agent for private interests, and the legislature would seem to agree. 150 Ohio Laws, Part III, 3914 and 3922; *see State v. Johnson*, 1st Dist. Hamilton No. C-100702, 2011-Ohio-5913, ¶ 5 ("the legislature's intent to disallow payment to victims' insurance companies is clear"). The common law recognized the civil cause of action for conversion as distinct from the criminal offense of theft precisely because the state and private parties stand in different shoes.

{¶ 36} When a person has a history of compliance with the state's community-control sanctions, the language of the statute clearly authorizes what the trial court did here. The trial court terminated the community-control sanction and essentially sent the defendant on her way. The trial court clearly demonstrated its intention to close the books. The trial courts either do, or do not, have statutory authority to modify their own community-control orders. I would hold that they do. R.C. 2929.15(C). Today, this court ignores the authority granted by the Ohio Revised Code, and it does so for the benefit of private creditors.  I dissent.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara A. Farnbacher, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.

_____