[Cite as *State v. C.H.*, 2017-Ohio-2873.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellant,               :

v.                                               :                No. 16AP-831
                                                                (C.P.C. No. 16EP-08)
[C.H.],                                          :

      Defendant-Appellee.               :        (ACCELERATED CALENDAR)

---

D E C I S I O N

Rendered on May 18, 2017

---

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton.*

**On Brief:** *John D. Moore*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} The State of Ohio is appealing from the trial court's granting of an application for expungement which benefitted C.H. The State assigns a single error for our consideration:

> THE TRIAL COURT LACKED JURISDICTION TO GRANT THE APPLICATION TO SEAL THE RECORD OF CONVICTION, WHERE DEFENDANT HAD NOT RECEIVED A FINAL DISCHARGE WITHIN THE MEANING OF R.C. 2953.32.

{¶ 2} The State presents the following issue as central to its assignment of error:

> Whether a defendant who fails to pay restitution in full can receive a final discharge within the meaning of R.C. 2953.32(A)(1).

{¶ 3} R.C. 2953.32(A)(1) reads:

Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

{¶ 4} In 2008, C.H. was convicted of theft as a fifth-degree felony. She was sentenced to three years of community control and ordered to pay $12,000 in restitution to National City Bank.

{¶ 5} National City Bank was acquired by PNC Bank which claimed it was entitled to the restitution still due.

{¶ 6} The probation department of the Franklin County Court of Common Pleas moved to revoke C.H.'s community control when she had not paid the full $12,000 within the 3 years allotted. The assigned trial court judge terminated her community control. Over two years later, C.H. sought to have the record of her theft conviction expunged.

{¶ 7} The State opposed her expungement because $6,660 of the $12,000 had not been paid.

{¶ 8} The State is correct in its argument. Consistent with *State v. Aguirre,* 144 Ohio St.3d 179, 2014-Ohio-4603, we must reverse the granting of expungement. The clear implication of the ruling of *Aguirre* is that it is much easier for a rich person to get an expungement in Ohio than it is for a person of modest means even if they committed the same crime. However, that is a problem to be addressed by the Ohio Legislature and/or the Supreme Court of Ohio. We are bound by their decisions.

{¶ 9} We sustain the sole assignment of error and remand the case to the Franklin County Court of Common Pleas for further appropriate proceedings.

*Judgment reversed and remanded.*

DORRIAN, J., concurs.
SADLER, J., concurs in judgment only.

————————————