[Cite as *State v. J.M.*, 2021-Ohio-2668.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 29874 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO CASE No. 2015 CRB 1337 |
| J.M. | | |
| Appellant | | |

## DECISION AND JOURNAL ENTRY

Dated: August 4, 2021

---

CALLAHAN, Judge.

{¶1} Appellant, J.M., appeals an order of the Stow Municipal Court that denied his motion to seal the record of his criminal conviction. This Court affirms.

I.

{¶2} In 2015, J.M. pleaded guilty to one charge of voyeurism in violation of R.C. 2907.08(B), a second-degree misdemeanor. The trial court fined him $750, with $600 suspended; suspended a ninety-day jail term; and sentenced him to community control. The trial court also informed J.M. that his conviction required him to register as a Tier I sex offender. On December 9, 2019, having served his period of community control, J.M. moved to seal the record of his conviction pursuant to R.C. 2953.32. The trial court determined that J.M.'s motion to seal was not yet appropriate because it was not filed at least one year after J.M.'s final discharge under R.C. 2953.32(A)(1)(c) and denied the motion. J.M. filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SEAL HIS CRIMINAL CONVICTION, IN VIOLATION OF SECTION 2953.31 *ET SEQ*. OF THE OHIO REVISED CODE, DUE TO THE APPELLANT'S CONTINUING STATUS AS A REGISTERED SEX OFFENDER FROM THE SAME CONVICTION.

{¶3} J.M.'s sole assignment of error makes a limited argument: that the trial court erred by determining that because he was still subject to registration as a sexually oriented offender, he had not been finally discharged for purposes of R.C. 2953.32(A)(1)(c).[1] This Court does not agree.

{¶4} Because this appeal involves a disputed matter that is purely a question of law, this Court reviews the trial court's decision de novo. *State v. Campbell*, 9th Dist. Summit No. 24919, 2010-Ohio-128, ¶ 5, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. Under R.C. 2953.32(A)(1)(c), an eligible offender who was convicted of a misdemeanor may apply to the court that imposed sentence to have the record of the case sealed "[a]t the expiration of one year after the offender's final discharge[.]" An "eligible offender" includes "[a]nyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are * * * misdemeanors and none of those offenses are an offense of violence or a felony sex offense * * * ." R.C. 2953.31(A)(1)(a). Voyeurism, a violation of R.C. 2907.08(B), is a second-degree misdemeanor, *see* R.C. 2907.08(E)(3), and it is not an offense of violence as defined by R.C. 2901.01(A)(9). It is also not otherwise exempted from the statutes that permit the sealing of a conviction. *See* R.C. 2953.36(A)(2) (listing sex offenses to which the procedure for sealing does not apply). For purposes of this appeal, the parties do not dispute that J.M. is an "eligible offender" within the meaning of R.C. 2953.31(A)(1)(a).

---

[1] J.M. has not articulated any constitutional arguments in support of his assignment of error.

{¶5} Because sealing is not a right, but a privilege—an "'act of grace created by the state'"—it should only be granted when all of the requirements for eligibility are present. *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996), and *Futrall* at ¶ 6. Under R.C. 2953.32(A)(1)(c), a record cannot be sealed until one year after the offender's "final discharge," which occurs when the offender "has completed all sentencing requirements[.]" *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 2. The question presented by this appeal is whether the registration requirements imposed by the Adam Walsh Act ("AWA") for a misdemeanor conviction of voyeurism, in violation of R.C. 2907.08(B), are a requirement of the sentence that must be discharged before the record of the conviction can be sealed.

{¶6} The Supreme Court of Ohio first considered the nature of sex offender registration requirements in *State v. Cook*, 83 Ohio St.3d 404 (1998). In that case, the Supreme Court considered challenges to then-existing R.C. Chapter 2950 on the grounds that it violated the Retroactivity Clause of the Ohio Constitution and the Ex Post Facto Clause of the United States Constitution. *Cook* at 426-427. In concluding that the registration and notification requirements did not violate the Ex Post Facto Clause, the Court concluded that former R.C. Chapter 2950 "serve[d] the solely remedial purpose of protecting the public" and was not punitive in effect. *Id.* at 423; *id.* at 417 ("The statute is absolutely devoid of any language indicating an intent to punish."). *See also State v. Williams*, 88 Ohio St.3d 513, 528 (2000) (concluding that former R.C. Chapter 2950 did not violate the Double Jeopardy Clause of the United States or Ohio Constitution because "*Cook* held that R.C. Chapter 2950 is neither 'criminal,' nor a statute that inflicts punishment."). In a later case, the Supreme Court concluded that classification proceedings under former R.C. Chapter 2950 were civil in nature. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-

2202, ¶ 29-32 and syllabus. In yet another case, the Supreme Court rejected the argument that amendments to former R.C. Chapter 2950 had "transmogrified the remedial statute into a punitive one[.]" *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 32.

{¶7} In 2007, however, the legislature repealed the then-existing version of R.C. Chapter 2950 and replaced it in its entirety with a comprehensive tiered registration system that classifies offenders based on the offense committed—the AWA. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 18-28. In light of those amendments, the Supreme Court of Ohio reexamined the holding of *Cook* and reached the opposite conclusion: "Following the enactment of [the AWA], all doubt has been removed: R.C. Chapter 2950 is punitive. The statutory scheme has changed dramatically since this court described the registration process imposed on sex offenders as an inconvenience 'comparable to renewing a driver's license.'" *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 16, quoting *Cook* at 418. In a subsequent case, the Court examined aspects of the AWA that applied to certain juvenile offenders in light of the Eighth Amendment's prohibition on cruel and unusual punishment, unequivocally characterizing the registration requirements as a "punishment" and a "sentencing practice." *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, ¶ 44, 46. Thus, the Supreme Court of Ohio has made it clear that the AWA "imposes additional criminal punishment on those convicted of sexually oriented offenses." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 23. *See also State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, (analyzing whether, with respect to adult offenders, the registration requirements of the AWA constitute cruel and unusual punishment). In summary, the AWA "represented a shift in the law, replacing the formerly remedial statutory scheme with a punitive one." *State v. Shockey*, 9th Dist. Summit No. 29170, 2019-Ohio-2417, ¶ 15.

{¶8} The registration requirements imposed by the AWA are unquestionably punitive. *See Raber* at ¶ 23. As reflected in the Supreme Court of Ohio's recent analysis of the constitutionality of the AWA, those requirements are a component of the sentence that is imposed—an "additional criminal punishment." *Id*. *See also In re C.P.* at ¶ 44, 46. This Court, therefore, agrees with the trial court's conclusion that obligations imposed by the AWA are sentencing requirements that must be finally discharged before an offender may apply to have the record of conviction sealed under R.C. 2953.32(A)(1)(c). *See generally Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, at ¶ 2.

{¶9} J.M., as noted above, pleaded guilty to voyeurism in violation of R.C. 2907.08(B), a second-degree misdemeanor. Voyeurism is a sexually oriented offense. R.C. 2950.01(A)(1). J.M.'s duties imposed by the AWA extend for a period of fifteen years. *See* R.C. 2950.07(B)(3). Accordingly, he is not eligible to apply for sealing of the record of his conviction until the expiration of one year following his final discharge—or, one year after the completion of his registration requirements under the AWA. *See* R.C. 2953.32(A)(1)(c); *Aguirre* at ¶ 2. To the extent that J.M. urges this Court to reach a different result based on public policy, such arguments are within the purview of the legislature.

{¶10} The trial court did not err by denying J.M.'s application to seal his criminal conviction. J.M.'s assignment of error is overruled.

III.

{¶11} J.M.'s assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

ADAM M. VANHO, Attorney at Law, for Appellant.

THOMAS M. DICAUDO and BENJAMIN R. SORBER, Prosecuting Attorneys, for Appellee.