[Cite as *State v. Weiss*, 2025-Ohio-277.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                               :

ERIC WEISS,                             :

    Defendant-Appellant.         :

No. 113962

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 30, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-416198-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Eric Weiss appeals the trial court's denial of his motion to modify restitution order. For the reasons that follow, we affirm.

## I. Procedural History

{¶ 2} In 2001, in Cuyahoga C.P. No. CR-01-416198-ZA, the State of Ohio indicted Weiss on one count of theft and two counts of taking the identity of another. Weiss pleaded guilty in 2003 to a single count of theft, and the trial court sentenced him to three years of community-control sanctions and restitution. At the time of Weiss's sentencing, R.C. 2929.18 permitted a sentencing court to order that an offender reimburse a third party — such as an insurance company — for amounts paid to or on behalf of the victim for economic loss resulting from the offense. *State v. Kreischer*, 2006-Ohio-2706, ¶ 15; *State v. Aguirre*, 2014-Ohio-4603, ¶ 21. The court's journal entry filed May 6, 2003, ordered restitution in the amount of $34,242.90 to be paid "to Key Bank or to the appropriate insurance company as determined by probation department." Weiss did not appeal his sentence or otherwise challenge the restitution order.

{¶ 3} In 2004, the General Assembly "amended R.C. 2929.18 to delete all references to restitution for third parties." *Kreischer* at ¶ 1. In 2019, some 15 years after the 2004 amendment, Weiss filed a motion to vacate restitution order. Relying on the amended version of R.C. 2929.18, he contended the trial court improperly ordered restitution to a third-party insurance company. The State, citing *Aguirre*, opposed the motion, arguing that while Weiss correctly quoted the current

restitution statute, he did not provide any authority to suggest that the amended statute could be applied retroactively to his 2003 sentencing.

{¶ 4} The trial court denied the 2019 motion to vacate restitution order by entry dated March 4, 2020. No appeal followed.

{¶ 5} Some four years later, Weiss filed the motion to modify restitution order that is the subject of this appeal. In his April 4, 2024 motion and April 9, 2024 amended motion,[1] Weiss conceded that his 2019 motion "was rightly denied because [he] was citing inapplicable law." In his 2024 motion, Weiss instead asked the trial court to modify the restitution order "because Key Bank was made whole following his theft." Weiss's motion did not include exhibits or request an evidentiary hearing. The State opposed the motion, arguing that Weiss presented no evidence that an insurer had reimbursed Key Bank for its financial loss, and further contending that the statements of counsel are not evidence.

{¶ 6} The trial court denied the motion by entry dated May 6, 2024, and Weiss timely appealed. In his sole assignment of error, Weiss states:

> The Trial Court abused its discretion in denying Mr. Weiss's motion to vacate where restitution is currently owed to a party that has already been compensated.

---

[1] The amended motion merely removed an errant proposed order relating to a different criminal case. In any event, Weiss's amended motion superseded his original motion. *Teamsters Local Union No. 293 v. Cent. Leasing Co., Inc.*, 1980 Ohio App. LEXIS 11383, *6 (8th Dist. Apr. 3, 1980).

## II. Analysis

{¶ 7} The parties agree we should review the trial court's denial of Weiss's motion under an abuse-of-discretion standard. *See State v. Nitsche*, 2016-Ohio-3170 (8th Dist.); *State v. Stechschulte*, 2014-Ohio-4291, ¶ 11 (11th Dist.) (applying abuse-of-discretion standard in reviewing trial court's ruling on motion to modify restitution). An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. "An abuse of discretion 'implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" *Schleich v. Penn Cent. Corp.*, 2024-Ohio-5005, ¶ 9 (8th Dist.), quoting *TWISM Ents., L.L.C. v. State Bd. of Registration for Professional Engineers & Surveyors*, 2022-Ohio-4677, ¶ 3. An abuse of discretion also "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Schleich* at ¶ 9, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *see also Gadson v. Scott*, 2025-Ohio-7, ¶ 16 (8th Dist.). As the Ohio Supreme Court wrote in *State v. Morris*, 2012-Ohio-2407:

> A review under the abuse-of-discretion standard is a deferential review. It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments.

*Id.* at ¶ 14. Our review of the record under applicable law reveals no abuse of discretion.

{¶ 8} The Ohio Supreme Court has held that the code provision in effect in 2003, which allowed for restitution to third parties like insurance carriers, is valid. *State v. Kreischer*, 2006-Ohio-2706, ¶ 15. *See also State v. Bartholomew*, 2008-Ohio-4080, ¶ 13; *State v. Aguirre,* 2014-Ohio-4603, ¶ 21. Weiss has abandoned his statutory argument. In his brief, he concedes that Ohio law authorized the 2003 restitution order but relies instead on "fundamental ideas of fairness." Weiss argues that despite the law that applied when he was sentenced, the court should consider the policies underlying the subsequent amendment. He states in his brief:

> The purpose of restitution when Mr. Weiss was sentenced is different than the purpose authorized by amendment in June of 2004. Following that amendment, and absent any changes in the intervening years, the focus is now on actual victims, rather than corporations that are instantly reimbursed. And the insurance companies reimbursing the banks are not victims at all.

Weiss cites the concurring and dissenting opinion in *Kreischer*, in which Justice Pfeifer applauded the General Assembly's amendment to the restitution statute, remarking "that restitution is not intended to be a windfall for insurance companies." *Kreischer* at ¶ 15.

{¶ 9} Weiss makes no principled argument, however, that the amended statute should apply retroactively and thereby disturb the restitution component of his sentence. *Kreischer*, *Bartholomew*, and *Aguirre* make it clear that courts may not disregard which version of the restitution statute was in place at the time of a defendant's sentencing, i.e., where "at the time of its ruling, the trial court had

discretion to include reimbursement to third parties for amounts paid on behalf of a victim." *Kreischer* at ¶ 13. As noted, Weiss has conceded that point.

{¶ 10} In *Aguirre*, the Ohio Supreme Court resolved the following certified conflict: "Whether an offender's record of conviction may be sealed when the offender still owes court-ordered restitution to a third-party insurance company." *Id.* at ¶ 15. Aguirre, like Weiss, had been sentenced prior to the amendment to the restitution statute, at a time when courts were permitted to award restitution to third parties such as insurers. *Id.* at ¶ 1. The *Aguirre* Court acknowledged the General Assembly's amendment to the statute, indicating that "'the legislature's intent to disallow payment to victims' insurance companies is clear.'" *Id.* at ¶ 1, quoting *State v. Johnson*, 2011-Ohio-5913, ¶ 5 (1st Dist.). Despite highlighting the amendment to the statute, however, the Court explicitly confined its analysis to the law as it existed when Aguirre was sentenced — prior to the amendment's effective date of June 1, 2004. *Aguirre* at ¶ 1.

{¶ 11} The *Aguirre* Court held that for the purposes of record sealing, the three-year waiting period under R.C. 2953.32(A)(1) would begin to run only after Aguirre made full restitution to her employer's insurance companies. The Court further wrote that "[c]ontrary to the implications of certain statements of the trial court at the hearing in this case, the person or entity to whom restitution is owed is immaterial, unless the person or entity was not statutorily eligible for restitution *at the time of the order*." (Emphasis added.) *Aguirre*, 2014-Ohio-4603, at ¶ 20.

{¶ 12} Aguirre, the Court stated, had failed to satisfy "court-ordered restitution to the third-party insurance companies," a sentence imposed in 2002 when "courts were permitted to order restitution to third parties." *Id*. at ¶ 21. The Court therefore held that Aguirre, having not obtained the requisite final discharge, was ineligible to have her conviction sealed. *Id*.

{¶ 13} In addition, citing our decision in *State v. McKenney*, 2001 Ohio App. LEXIS 2424 (8th Dist. May 31, 2001), the *Aguirre* Court rejected the "argument that because the victim had been made whole, the purpose of restitution had been satisfied." *Aguirre* at ¶ 12. In *McKenney*, we held that the defendant's "argument that the purpose of the restitution order has been met because the victim has already been made whole, is misplaced" because it "suggests that the purpose of restitution is to benefit the victim. However, restitution is an integral part of an offender's sentence, not only as punishment, but for rehabilitation as well." *McKenney* at *7; *see Aguirre* at ¶ 12. In light of the purposes of restitution emphasized by us in *McKenney* and the Ohio Supreme Court in *Aguirre*, and given that nowhere does Weiss argue that *he* satisfied his restitution obligations — a component of punishment for his crimes — his assignment of error lacks merit.

{¶ 14} Even more fundamentally, Weiss offered no evidence that the victim in this case, Key Bank, has been made whole or that he should be credited with any specific payment amounts. Weiss did not request an evidentiary hearing and provided the trial court with no evidence of any payments made to Key Bank by anyone. A review of Weiss's motions reveals no exhibits, such as authenticated

insurance records or affidavits of any kind, substantiating his claim that Key Bank has been reimbursed in full or in part by an insurance carrier or otherwise. The State is correct that "a representation by counsel does not constitute evidence." *State v. Wood*, 141 Ohio App.3d 634, 638 (2d Dist. 2001); *State ex rel. Shubert v. Breaux*, 2024-Ohio-2491, ¶ 24; *Hersh v. Cuyahoga Cty. Bd. of Revision*, 2020-Ohio-3596, ¶ 15 (8th Dist.); *Corporate Exchange Bldgs. IV & V, Ltd. Partnership v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 299 (1998); *Hardy v. Delaware Cty. Bd. of Revision*, 2005-Ohio-5319, ¶ 13.

{¶ 15} The lack of evidence that the victim has been compensated, in whole or in part, is fatal to Weiss's argument under an abuse-of-discretion standard. The trial court did not err in denying the motion to modify restitution.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR