[Cite as *Pike v. Wilson*, 2023-Ohio-814.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KENNETH PIKE, ET AL.,                    :

    Plaintiffs-Appellees,          :

                                        No. 111688

    v.                             :

PETER W. WILSON, ET AL.,                 :

    Defendants-Appellants.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-957143

---

### *Appearances:*

Weltman, Weinberg & Reis, Co., L.P.A., and Roy J. Schechter, *for appellees*.

Herman Law, LLC, and Edward F. Herman, *for appellant*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Defendant-appellant Peter Wilson ("Wilson") appeals the trial court's decision granting plaintiffs-appellees' Kenneth Pike, Donna Anderson, and Kay Pike Easton ("the victims") motion for judgment on the pleadings, which entitled the

victims to recover a total of $99,978.78 plus any postjudgment interest from Wilson. After a thorough review of the applicable law and facts, we affirm.

{¶ 2} In 2015, Wilson entered a guilty plea to securities fraud in violation of R.C. 1707.44(G), a third-degree felony, and aggravated theft in violation of R.C. 2913.02(A)(3), a fourth-degree felony. Wilson was sentenced to community - control sanctions for a term of five years and ordered to pay restitution to the victims. Specifically, Wilson was ordered to pay $20,000 to Kenneth Pike; $30,000 to Donna Anderson; $30,000 to Kay Pike Easton. In 2018, the court held a status hearing to obtain the status of restitution. This transcript is not in the record before us, but the docket indicates that community control was continued after this hearing. Exactly five years after Wilson's initial sentencing hearing, a single docket entry in July 2020 provided that community control was terminated.

{¶ 3} In August 2020, the victims obtained a certificate of judgment from the Cuyahoga County Court of Common Pleas Clerk of Courts demonstrating the restitution owed to the victims.

{¶ 4} In December 2021, the victims filed a creditor's bill against Wilson and the entities PayPal, Upwork Inc., Upwork Escrow, Inc., and Upwork Global Inc.,[1] seeking the full restitution with interests and costs, for a total of $99,978.78 plus any interest accrued thereafter.

---

[1] The victims alleged in the creditor's bill that Wilson was a registered user, client, or freelancer for the Upwork entities, and received payment for his services via the other named defendant, PayPal.

{¶ 5} Wilson timely answered, disputing the validity and enforceability of the creditor's bill, and asserting several affirmative defenses. Wilson later amended his answer and counterclaimed seeking declaratory and injunctive relief against the victims, setting forth various arguments alleging that the victims improperly and unlawfully obtained the certificate of judgment, and that the certificate of judgment was improperly executed.

{¶ 6} The victims moved the court for judgment on the pleadings and dismissal of Wilson's counterclaim, arguing that the court's sentencing order in Wilson's criminal case entitled them to collect the restitution. Wilson responded with his own combined motion for judgment on the pleadings and opposition to the victims' motion, arguing that his obligation to pay restitution extinguished when he was released from community control.

{¶ 7} The trial court denied Wilson's motion for judgment on the pleadings and granted the victims' motion for judgment on the pleadings. The court ordered Wilson to pay the judgment, and enjoined Wilson from receiving any "money, properties, goods and effects" from the other defendants until the judgment was paid in full, including postjudgment interest.

{¶ 8} It is from this order that Wilson appeals, assigning two errors for our review.

> 1. The trial court erred in concluding that criminal restitution orders are enforceable after the expiration of community control.
>
> 2. The trial court erred in concluding at the close of pleadings that the purported judgment creditors did not act under color of state law to

deprive the previously convicted citizen of his protections under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

{¶ 9} Both of Wilson's assignments of error allege that the trial court erred in granting the victims' motion for judgment on the pleadings. A trial court's decision on a motion for judgment on the pleadings filed pursuant to Civ.R. 12(C) is reviewed de novo. *Pincus v. Dubyak*, 8th Dist. Cuyahoga No. 110135, 2021-Ohio-3034, ¶ 17.

{¶ 10} In his first assignment of error, Wilson contends that the trial court erred in determining that Wilson was still required to pay restitution because when his community-control sanctions expired, so did his requirement to pay restitution.

{¶ 11} Wilson directs us to R.C. 2929.15, which empowers a court to impose community-control sanctions in lieu of a prison sentence. Wilson points out that each subsequent code section pertains to different types of community-control sanctions, including R.C. 2929.16, pertaining to residential sanctions; R.C. 2929.17, pertaining to nonresidential sanctions; and R.C. 2929.18, pertaining to financial sanctions. Restitution was imposed pursuant to R.C. 2929.18. Wilson argues that R.C. 2929.15(A)(1) mandates that "[t]he duration of all community control sanctions imposed on an offender under this division shall not exceed five years" and that when read in pari materia with the other sections, this includes financial sanctions. Wilson notes that "[i]t is clear from the statutory scheme that financial sanctions, e.g. restitution, are part of a criminal sentence" and that criminal sentences "are not eternal." Wilson invites us to consider that this natural reading of the statute suggests that when community-control sanctions are terminated, any financial

sanctions imposed as part of community control must also be terminated and barred from pursuit in a civil action once the community-control sanctions are terminated. Wilson does not point us to any caselaw that supports this contention.

{¶ 12} The victims rely on *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, in rebutting Wilson's argument. In *Aguirre*, defendant Aguirre applied to have the record of her felony conviction sealed pursuant to R.C. 2953.32(A)(1). As in the instant matter, Aguirre was sentenced to community-control sanctions for a term of five years and ordered to pay restitution. In 2007, her community-control sanctions were terminated after five years even though the restitution was still outstanding; in 2012, she applied to have her record sealed. The state objected to Aguirre's request to seal her record because the restitution was still outstanding. The Ohio Supreme Court held that "an offender does not attain a final discharge, and is thus ineligible to have his or her felony conviction records sealed under R.C. 2953.32(A)(1), until all court-ordered restitution has been paid." *Id.* at ¶ 29. The *Aguirre* majority reasoned that "[b]ecause Aguirre still owes restitution in this case, she has not received a final discharge of her conviction and cannot have her records sealed."

{¶ 13} We recognize that the *Aguirre* holding appears limited to cases where an offender seeks sealing of their record under R.C. 2953.32(A)(1). Wilson strongly encourages us to apply this narrow interpretation, noting that the cases are easily distinguished because sealing a record is a privilege, and continuing punishment

implicates various rights that an offender has. Wilson points to no caselaw supporting this contention.

{¶ 14} We find, however, that the *Aguirre* court's reasoning is instructive in the instant matter. The court acknowledges that "[w]hile community-control sanctions end after five years, R.C. 2929.15(A)(1), the obligation to pay restitution *does not expire due to the passage of time.*" (Emphasis added.) *Id.* at ¶ 28, citing R.C. 2929.18. Recently, in *State v. P.J.F.*, Slip Opinion No. 2022-Ohio-4152, the Supreme Court determined the meaning of "final discharge" under the record sealing statutes as applied to R.C. 2929.17 for nonresidential sanctions, noting that

> when considering the context of the different types of sanctions in R.C. 2929.17 and 2929.18, the meaning of "final discharge" or completion of a community-control sanction is clear. A defendant completes a financial community-control sanction by paying it, and a defendant completes a nonresidential community-control sanction at the end of its duration.

*Id.* at ¶ 18.

{¶ 15} The *P.J.F.* Court continued to clarify that its holding in *Aguirre* "indicated that the only way the defendant could have received a final discharge from her financial community-control sanction under R.C. 2929.18 was by satisfaction of her payment obligation[.]" *Id.* at ¶ 19. While we note that *P.J.F.* also dealt with sealing a record, we find the Supreme Court's reasoning instructive in the instant matter.

{¶ 16} We are further persuaded by the language in R.C. 2929.18(D). This section provides that "[a] financial sanction of restitution imposed * * * is an order

in favor of the victim of the offender's criminal act that can be collected through [the processes described in R.C. 2929.18(D)(1)-(3)]." This section further authorizes a victim to "[o]btain execution of the judgment or order through any available procedure" once the financial sanction is imposed as a judgment or order. R.C. 2929.18(D)(2). The availability of these remedies made available to victims to collect restitution from the offender exemplify the General Assembly's intent to allow for actions such as the one that the victims in this matter initiated. We further note that there is no temporal restriction in this code section, so we are unpersuaded by Wilson's contention that the victims were foreclosed from bringing a civil action since they did not bring it before the expiration of Wilson's community-control sanctions.

{¶ 17} Finally, we acknowledge Wilson's argument that R.C. 2929.15(A)(1) mandates that community-control sanctions shall not exceed five years and that financial sanctions, including restitution, are included under the umbrella of "community-control sanctions." The absurd result principle is an exception to the rule that statutes should be interpreted according to their plain meaning. *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 22. "If strict construction of a statute would result in 'unreasonable or absurd consequences,' a construing court may reject the strict construction doctrine, because courts must presume that the legislature enacted a statute for a 'just and reasonable result.'" *Yoby v. Cleveland*, 2020-Ohio-3366, 155 N.E.3d 258, ¶ 40 (8th Dist.), quoting *Clay* at ¶ 23. If we were to hold that financial

sanctions expire after five years, offenders may be incentivized to simply hold out on paying restitution for as long as possible until the natural termination of their community-control sanctions. This is consistent with the *Aguirre* holding that found exception to the statutory five years when the financial sanctions were imposed in the context of defendants seeking sealing of their records. We therefore find that financial sanctions imposed pursuant to R.C. 2929.18 are not fully satisfied and a defendant is not discharged from this obligation until the financial sanctions are satisfied or paid.

{¶ 18} Wilson's first assignment of error is overruled.

{¶ 19} In his second assignment of error, Wilson alleges that the trial court erred in finding that his protections under the Double Jeopardy Clause of the U.S. Constitution were not violated.

{¶ 20} "It is well established that the Double Jeopardy Clause protects against successive prosecutions for the same offense." *State v. Martin*, 8th Dist. Cuyahoga No. 87618, 2007-Ohio-1833, ¶ 15, citing *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Ashe v. Swenson*, 397 U.S. 436, 445-446, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Double-jeopardy protections "protect against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 15, quoting *North Carolina v. Pearce*, 395 U.S.

711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

{¶ 21} We note that none of the three abuses are implicated here. Plainly, Wilson was ordered to pay the restitution in his sole criminal prosecution and sentence for the crimes. The restitution was never paid, so the victims utilized their statutorily granted right to obtain execution of the judgment via a creditor's bill. Wilson also argues that "[a] reasonable person could therefore conclude that [the victims] thereby impersonated the State of Ohio to enforce a criminal penalty against Wilson which was no longer enforceable." We are unpersuaded by this argument. At no point does the record indicate that the victims attempted to collect the restitution that they are entitled to by impersonating the state.

{¶ 22} We further note that the victims' action was explicitly authorized by the General Assembly. "No financial sanction imposed under this section or section 2929.32 of the Revised Code shall preclude a victim from bringing a civil action against the offender." R.C. 2929.18(H).

{¶ 23} The trial court did not err in granting the victims' motion for judgment on the pleadings, nor were Wilson's double-jeopardy protections violated as a result of the victims initiating a civil action to recover the restitution to which they were entitled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

ANITA LASTER MAYS, A.J., and
MARY EILEEN KILBANE, J., CONCUR