[Cite as *State v. H.M.*, 2025-Ohio-46.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                        :

     Plaintiff-Appellant,        :

     v.                                  :

                                                                      No. 113866

H.M.,                                 :

     Defendant-Appellee.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 9, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-10-536102

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller, Assistant Prosecuting Attorney, *for appellant.*

James W. Reardon, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} The State of Ohio appeals the trial court's judgment entry granting H.M.'s motion to seal/expunge his record of conviction. For the following reasons, we reverse the judgment and remand for a hearing to determine whether the victim, D.K., has received full payment of the restitution amount ordered by the trial court

in its October 13, 2010 judgment entry of conviction to qualify H.M. as an eligible offender under R.C. 2953.32.

{¶ 2} In 2010, H.M., a former attorney, pleaded guilty to theft in violation of R.C. 2319.02(A)(2), a felony of the fifth degree. Prior to sentencing, he submitted a sentencing memorandum, which provided in relevant part, that the victim, D.K., "is entitled to repayment of $36,783.01. [D.K.] has applied for reimbursement through the Ohio Supreme Court Client Security Fund, Case No. CSF080230 and is expected that the claim will be addressed in the next several months."

{¶ 3} The trial court sentenced H.M. to five years of community control and ordered him to pay restitution. The journal entry provided, "Restitution ordered in the amount of $36,783.01 to [the victim]; payable through the probation department." H.M. did not appeal his conviction or order of restitution.

{¶ 4} In May 2011, the trial court determined that H.M. "may be transferred to low[-]risk supervision but must have a monthly payment plan set up for restitution." Subsequently in November 2011, the trial court issued an order that "all restitution to be forwarded to the Supreme Court of Ohio — Client Security Fund."

{¶ 5} In July 2015, the trial court scheduled a probation violation hearing. Following a hearing in September 2015, the trial court issued the following order: "Defendant's community control sanctions may expire as scheduled on [October 12,2015]." Nothing in the record demonstrates whether the State agreed to or opposed the scheduled termination of community control.

{¶ 6} On October 29, 2015, H.M. filed an executed Cognovit Note dated June 20, 2015, payable to the Lawyer's Fund for Client Protection in the amount of $30,039.01. The Note indicates that the Original Amount was $36,783.01, which reflects the original amount of court-ordered restitution payable to the victim, D.K.

{¶ 7} On February 1, 2024, H.M. filed a three-paragraph motion seeking to "seal/expunge" his 2010 record of conviction and the dismissed charges arising from the same indictment. He contended that he did not have any criminal proceedings pending against him and that he was an eligible offender under the law. H.M. did not attach any evidence in support of his motion.

{¶ 8} The trial court ordered the probation department to prepare an expungement report/investigation by March 1, 2024. According to the two-page report, a restitution balance of $27,744.01 remained, but that H.M.'s probation terminated on October 12, 2015. The report merely provided an overview of the same information found on the court's docket; it did not provide any information regarding whether the victim received compensation through the Ohio Supreme Court Client Security Fund, or if the restitution amount reflects what is currently owed under the Cognovit Note.

{¶ 9} On April 2, 2014, the State filed its brief in response, opposing H.M.'s motion because, according to the State, H.M. was statutorily ineligible to have his

record sealed due to unpaid restitution.[1] The State noted that "neither the [expungement] report nor the Court's docket indicate" that H.M. paid the court-ordered restitution to the victim and thus had not achieved "final discharge" as required under R.C. 2953.32. The State maintained that H.M.'s execution of the Cognovit Note did not cause him to achieve final discharge because it did not satisfy the debt owed. The State waived its right for a hearing on the motion.

{¶ 10} Two days after the State filed its opposition, the trial court granted H.M.'s motion finding that H.M. qualified as an eligible offender under R.C. 2953.32(A) and otherwise satisfied all statutory requirements for sealing his record of conviction. The court further determined that H.M. was rehabilitated to the court's satisfaction and that H.M.'s interest in sealing his record outweighed any legitimate governmental need to maintain that record. The judgment entry did not address the State's opposition, including whether H.M. paid his restitution.

{¶ 11} The State now appeals, contending in its sole assignment of error that the "trial court erred by granting H.M.'s motion to seal/expunge record of criminal conviction." Specifically, the State contends that H.M. is not an eligible offender because the record does not demonstrate that H.M. paid the court-ordered restitution and thus has not achieved final discharge as required by Ohio law.

---

[1] The State's opposition did not indicate whether it notified the victim pursuant to Marsy's Law or R.C. 2953.32 or whether the victim received compensation through any client security fund with the Ohio Supreme Court.

{¶ 12} Generally, we review a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. M.E.*, 2018-Ohio-4715, ¶ 6 (8th Dist.). However, whether an applicant is considered an eligible offender under R.C. 2953.32 is an issue of law that we review de novo. *Id.*, citing *State v. M.R.*, 2010-Ohio-6025, ¶ 15 (8th Dist.), citing *State v. Futrall*, 2009-Ohio-5590, ¶ 6.

{¶ 13} Relevant to this appeal, R.C. 2953.32(B)(1) provides that "an eligible offender may apply . . . for the sealing or expungement of the record of the case." R.C. 2953.32(B)(1)(a)(ii) specifies the relevant timeframe for a sealing application to be filed: "[a]n application for sealing under this section may be made . . . at the expiration of one year after the offender's final discharge."[2] Accordingly, achieving "final discharge" in the case is a prerequisite for eligibility.

{¶ 14} Although "final discharge" is not defined under Ohio Law, the Ohio Supreme Court determined that "final discharge," in the context of sealing criminal records, means a completion of all sentencing requirements, not just release from confinement. *State v. Aguirre*, 2014-Ohio-4603, ¶ 1, 28; *see also State v. P.J.F.*,

---

[2] The State contends that an ambiguity exists regarding what remedy H.M. sought with his motion, i.e., to seal his record of conviction or to expunge his record. Although H.M.'s motion uses the word "expunge," we note that H.M. was not eligible for expungement under the law because ten years had not passed between his purported final discharge in 2015, and his application for sealing/expungement, February 1, 2024. *See* R.C. 2953.32(B)(1)(b)(iii) (specifies the relevant timeframe for an expungement application to be filed: "at the expiration of ten years after the time [the applicant is eligible to apply for sealing]"). Accordingly, H.M. could only seek sealing his record of conviction.

2022-Ohio-4152, ¶ 18 (explaining that restitution is a financial sanction that is completed upon payment, whereas a nonresidential community-control sanction is completed upon the end of its duration).

{¶ 15} In *Aguirre*, the defendant pleaded guilty to one count of felony theft. As part of her community-control sentence, the trial court ordered the defendant to pay restitution to her former employer and two of its insurance companies.[3] Ten years later, the defendant applied to have her record sealed. The Court found the defendant to be an ineligible offender under R.C. 2953.32 because the defendant had not achieved final discharge because she had not fully paid the restitution amount and thus her sentence was not satisfied. *Id.* at ¶ 29. The Court held, "An offender does not attain a final discharge, and is thus ineligible to have his or her felony conviction records sealed under R.C. 2953.32(A)(1), until [he or] she has paid all court-ordered restitution." *Aguirre* at syllabus.

{¶ 16} In this case, the trial court ordered H.M. to pay restitution specifically to the victim, D.K. On this record, we cannot determine whether H.M. paid or the victim received full restitution payment. H.M.'s sentencing memorandum indicates that the victim applied for reimbursement through the Ohio Supreme Court Client Security Fund. Although it would seem that the victim received compensation

---

[3] At the time of her sentencing, Ohio law permitted courts to award restitution to third parties, including insurers. *See* former R.C. 2929.18(A)(1) (a restitution order "may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense"). In 2004, the General Assembly removed this language disallowing restitution to third parties. *Aguirre* at ¶ 1.

because H.M. executed a Cognovit Note payable to the Lawyers Fund for Client Protection, nothing in the record verifies this assumption. If the victim has received compensation, then it appears that H.M. may have satisfied his sentencing obligations and thus attained final discharge. Granted, H.M. may still owe money to the Lawyers Fund for Client Protection under the executed Cognovit Note, but the trial court's order specifically ordered H.M. to pay restitution to the victim, D.K. *Compare State v. Crosby*, 2024-Ohio-2877 (1st Dist.) (court ordering restitution to victim, Lawyer's Fund for Client Protection, permitted under R.C. 2929.18(A)(1) because the Fund reimbursed theft victim prior to sentencing).

{¶ 17} Additionally, the trial court's November 10, 2011 journal entry providing that "all restitution to be forwarded to the Supreme Court of Ohio — Client's Security Fund," did not change the payee of the restitution order to qualify the fund as the "victim." *See* R.C. 2929.18(A)(1) (trial courts have limited power modifying the payment terms of a restitution order). And because the law changed as noted in *Aquirre,* 2014-Ohio-4603, reimbursement of restitution possibly may not prevent an offender from attaining final discharge to qualify as an eligible offender under R.C. 2953.32.

{¶ 18} A hearing before the trial court may have resolved this issue, but we recognize that H.M. did not request a hearing on his motion and the State waived any hearing.[4] Nevertheless, the trial court has an obligation to determine whether

---

[4] The State also waived oral argument before this court.

an applicant meets all the statutory requirements to qualify as an eligible offender, including whether H.M.'s restitution requirement has been fully satisfied. On this record, we cannot make a determination whether the trial court fulfilled its obligation.

{¶ 19} Accordingly, we sustain the State's assignment of error, reverse the trial court's judgment, and remand for the trial court to conduct a hearing pursuant to R.C. 2953.32 to ascertain whether H.M. qualifies as an eligible offender. The State shall notify the victim in accordance with Marsy's Law.

{¶ 20} Judgment reversed and remanded.

It is ordered that the parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR