[Cite as *State v. M.F.*, 2026-Ohio-349.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 115110 |
| v. | : | |
| M.F., | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** February 5, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-603011-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione and Michael R. Wajda, Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick Ferrara, Assistant Public Defender, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} The State of Ohio brings the instant appeal challenging the trial court's order "expunging" all official case records in *State v. M.F.*, Cuyahoga C.P. No. 16-603011-A. For the reasons that follow, this court affirms but remands the matter

for the court to enter a nunc pro tunc journal entry specifying that M.F.'s record is to be sealed, not expunged.

{¶ 2} We first address the terms "expungement" and "sealing." Though the terms are colloquially used interchangeably, they are different processes. *See* R.C. 2953.32(B)(1)(a) (sealing of record); R.C. 2953.32(B)(1)(b) (expungement). Here, M.F.'s application specifically asked for a sealing of record and argued eligibility based on sealing. The State's brief in opposition likewise refers to M.F.'s application as one for sealing. The transcript indicates that at the hearing, the term "expungement" was used to refer to the process that M.F. applied for; this is unsurprising because these terms are often used interchangeably. The resulting journal entry also granted M.F.'s "expungement" and used the word "expunge" throughout. However, it is clear from the record, the arguments presented by the parties, the transcript, and the resulting journal entry that the trial court and all parties were proceeding with the matter as an application to seal. Since there is a difference and different remedies are involved, we remand this matter for the trial court to modify the journal entry, nunc pro tunc, to clearly specify that M.F.'s application for *sealing* is granted, rather than expungement. We also, accordingly, refer to the process applied for herein as a "sealing of record" since that is the proper legal term for what M.F. sought and what the parties and the trial court considered in considering M.F.'s eligibility. We remind courts and litigants that care should be taken to specify whether a party is seeking to seal versus expunge their record since the eligibility requirements and outcomes are statutorily distinct. *See, e.g.*, R.C.

2953.34 (providing circumstances where sealed records may be inspected); R.C. 2953.31(B)(1) (Expunged records are "permanently irretrievable.")

{¶ 3} In June 2016, M.F. pled guilty to aggravated theft and forgery and was sentenced to community-control sanctions and ordered to pay $1,915 in restitution. M.F.'s community-control supervision terminated in June 2018. In 2021, M.F. filed a motion to seal his record that the State opposed. At a hearing in April 2025, the trial court granted the sealing over the State's objection. The resulting journal entry found that

> the applicant is an eligible offender under R.C. 2953.31(A); that three (3) years have expired after the applicant's final discharge if convicted of a felony or one (1) year has expired after the applicant's final discharge if convicted of a misdemeanor; that no criminal proceedings are pending against the applicant; that the applicant has been rehabilitated to the satisfaction of the court; and that the criminal offense(s) he or she was convicted of is not one described in R.C. 2953.36 for which the sealing of records is precluded; and that the interests of the applicant in having the records pertaining to the applicant's conviction expunged are not outweighed by any legitimate governmental needs to maintain those records.[1]

{¶ 4} The State appealed, raising the following assignment of error:

> The trial court erred in ordering all official records of the case expunged.

{¶ 5} The State argues that the trial court erred when it approved the sealing even though M.F. had not achieved final discharge because he did not pay restitution. M.F. counters that (1) the State waived its right to challenge final

---

[1] Despite using the word "expungement," the trial court's journal entry considered the eligibility requirements to have M.F.'s record "sealed," which includes the three-year waiting period specified in the trial court's journal entry. R.C. 2953.32(B)(1)(a).

discharge and (2) at the hearing, M.F. presented sufficient facts for the trial court to use its discretion in determining that restitution had been paid.

{¶ 6} We review a trial court's disposition of an application to seal or expunge a record of conviction under an abuse-of-discretion standard. *State v. M.E.*, 2018-Ohio-4715, ¶ 6 (8th Dist.). However, whether an applicant is considered an eligible offender under R.C. 2953.32 is an issue of law that we review de novo.[2] *Id.*, citing *State v. M.R.*, 2010-Ohio-6025, ¶ 15 (8th Dist.), citing *State v. Futrall*, 2009- Ohio-5590, ¶ 6. When restitution is imposed pursuant to R.C. 2929.18, "final discharge" is achieved "by paying it." *State v. P.J.F.*, 2022-Ohio-4152, ¶ 18.

{¶ 7} Here, the court and parties agreed that the status of the restitution was unclear from the record. Accordingly, the trial court held a hearing and received evidence from both sides as to whether restitution had been paid. M.F.'s counsel argued that restitution had been fully paid, stating that

> this [c]ourt held, I think, maybe three hearings on the restitution issue. We actually ultimately — so part of the problem is that at no point was there a clear journal entry that indicated that the restitution had been finally satisfied, and I think what complicated it a little bit is that some of the restitution was paid directly [to the victim] as opposed to through the probation department. . . .So because there was some uncertainty, the very last journal entry that indicated that the defendant is paying the remaining balance of $150 towards restitution today, [M.F.] did pay that, but there was no subsequent journal entry that says that the restitution was fully paid. It is documented in the transcripts. For that reason, we would argue that he is eligible[.]

---

[2] R.C. Ch. 2953 has undergone several amendments and renumbering since M.F. filed his application for sealing in 2021. While neither party has addressed this issue, we note that under all iterations of the statute, a prerequisite to sealing or expungement is achieving "final discharge." *See State v. LaSalle*, 2002-Ohio-4009, paragraph two of the syllabus (holding that the statute in effect at the time the application is filed controls).

(Tr. 48-49.)

{¶ 8} The State opposed the motion because the expungement report provided that restitution had not been completely paid. Regarding M.F.'s contention that the transcript reflects that he paid restitution, the State responded that "[t]hose are statements from [the] Probation Officer. . . .That is not evidence of paying restitution." (Tr. 51.) The State also indicated that the cashier from the clerk's office provided an invoice showing that $1,600 was still owed. The State testified that it spoke to the victim of this case, who "indicated that restitution was never paid." (Tr. 51.) When the State spoke to the probation officer, the probation officer told the State that M.F. had "provided his bank records and that he paid each check $325." (Tr. 51.)

{¶ 9} The defendant told the trial court that in 2018, his probation officer "provided the bank records that I did not pay the individual, you know, but the bank actually pushed that back to them. Then I was still responsible — I forgot exactly how much, but I have paid . . . in that particular case, I had to pay the remaining $150. I did pay that that particular day." (Tr. 52-53.)

{¶ 10} The trial court determined that restitution had been paid, explaining that "[i]t's pretty clear that at that hearing back in June . . . 1st of 2018 that we had these restitution issues and we solved it back then and that I told you . . . pay the [c]ourt costs and supervision fees and be done." (Tr. 55.)

{¶ 11} The record is rife with evidence that the trial court could have relied on in determining that restitution had been paid. At a prior hearing, M.F.'s

probation officer stated that restitution was satisfied and the State has not demonstrated why the probation officer's statements are unreliable or cannot be considered. The State testified that this same probation officer recalled that all of the payments were made when contacted more recently about this matter. The same judge who presided over the underlying conviction indicated that he remembered this case and that based on his reading of the transcript, the restitution had been paid. There is evidence in the record suggesting that a third party paid some of the restitution amount directly to the victim, which could explain the improper documentation in the cashier's office. The trial court's reliance on the testimony received at the hearing and the transcript of the prior hearing are sufficient to conclude that the trial court's decision was not in error.

{¶ 12} On this record, we find that the State has not demonstrated that the trial court committed error in finding that restitution was satisfied as a matter of law as a prerequisite for record sealing. Accordingly, we cannot find that the trial court erred in granting the sealing and thus overrule the State's sole assignment of error.

{¶ 13} Because we find that the trial court's findings were not erroneous and thus ordering the sealing was not in error, we decline to address M.F.'s argument that the State waived its ability to contest whether the restitution obligation had been fulfilled.

{¶ 14} Judgment affirmed but case remanded for the trial court to issue a nunc pro tunc order granting the sealing rather than expungement.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

WILLIAM A. KLATT, J.,* CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS (WITH SEPARATE OPINION)

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

SEAN C. GALLAGHER, P.J., DISSENTING:

{¶ 15} I respectfully dissent. Under R.C. 2953.32(B), an offender may seek to seal a record of conviction within a set time, based on the severity of the offense, but only "after the offender's final discharge." As noted by the Ohio Supreme Court, when considering the different types of community-control sanctions in R.C. 2929.17 and 2929.18, "the meaning of 'final discharge' or completion of a community-control sanction is clear. A defendant completes a financial community-control sanction by paying it [(R.C. 2929.18)], and a defendant completes a nonresidential community-control sanction [(R.C. 2929.17)] at the end of its duration." *State v. P.J.F.*, 2022-Ohio-4152, ¶ 18; *State v. Aguirre*, 2014-Ohio-4603, ¶ 20.

{¶ 16} In this case, the trial court found no violation of the community-control sanctions in 2018 and issued a journal entry declaring that "defendant's community control sanction(s) in this case is/are terminated." That journal entry terminated the nonresidential community-control sanctions without addressing the question of restitution imposed under R.C. 2929.18. Even though bearing no burden, the State presented evidence of a $1,600 balance plus $240 for supervision fees owed, and because there remains a question regarding the $425 payment left unresolved from the 2017 hearings, there is no final discharge in this record to trigger the statutory waiting period under R.C. 2953.32(B).

{¶ 17} The offender bears the burden to demonstrate the final discharge, and in this case, that burden was not met by vague assertions of payments being made sometime after the December 2017 hearing. *See, e.g., State v. H.M.*, 2025-Ohio-46, ¶ 9 (8th Dist.) (concluding that the record did not demonstrate a final discharge of the restitution sanction because the State noted that neither "the [expungement] report nor the Court's docket indicate" that the offender paid restitution). Although the trial court conducted a hearing in this case, there was no sworn testimony taken, or any evidence considered. *See, e.g., State v. Weiss*, 2025-Ohio-277, ¶ 14 (8th Dist.) (defendant presented no evidence to demonstrate that restitution had been paid in full). The trial court merely discussed the past record with M.F. and his counsel.

{¶ 18} In the June 2017 hearing, the probation officer indicated that victim's bank received some restitution, but the final $425 was not paid to the victim as required. There was a discussion regarding that amount or whether only $150 was

owed, but when discussing the amount of restitution at that following December 2017 hearing, the trial court expressly noted that the $150 needed to be verified. At that time, the court was merely "assuming" the $425 had been resolved. At the latest hearing, the $425 remained unresolved, and the defendant was unable to provide any documentation of even paying the $150.

{¶ 19} Because the record does not demonstrate that restitution has been paid in full, there is no final discharge. I would reverse the decision of the trial court sealing this record.